PELTON WATER-WHEEL CO. v. ABNER DOBLE CO.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1907.)

No. 1,342.

PATENTS—INFRINGEMENT—WATER-WHEEL BUCKETS.

The Dodd patent, No. 454,638, for a water-wheel bucket is for an improvement in form only over the buckets of the prior art, and is not for a pioneer invention. It is not infringed by the bucket of the Doble patent, No. 633,184, which differs from the Dodd invention in both function and form.

Appeal from the Circuit Court of the United States for the Northern District of California.

For opinion below, see 142 Fed. 520.

The appeal in this case is taken from a decree of the Circuit Court, dismissing a bill brought by the appellant against the appellee for alleged infringement of letters patent No. 454,638, for an improvement in water wheel buckets, granted on June 23, 1891, to W. G. Dodd, the assignor of the appellant. In his application the inventor said: "My invention has relations to certain new and useful improvements in water-wheels, and more particularly to

that class known as 'hurdy-gurdy' wheels, which derive their power from a stream or column of water delivered against buckets secured to the periphery thereof, as will be hereinafter more fully set forth in the drawings, described, and pointed out in the specification.

"From practical experiments it has been demonstrated that by the use of the present wheels a large per cent. of the water-pressure adapted to operate the same is lost by being expended for the purpose of forcing or driving the utilized water from the buckets. The retarding of the utilized water in its efforts to escape from the buckets is due to the peculiar construction of the buckets, which precludes the outflow of the same in its natural flow. The object of the present invention is to allow for a more complete utilization of the direct force of the water, so as to obtain a greater or higher percentage of power for the rotation of the wheel than has heretofore been accomplished. My invention consists in constructing the buckets on lines or curves corresponding to the natural flow of the water (created by reason of the centrifugal force of the wheel and reaction of the water), so as to allow for a perfect, free, and unobstructed flow or discharge of the water from the buckets, thereby obviating liability of retarding the rotation of the wheel by having a partial force of the stream diverted for other purposes than that of impacting against the walls of the buckets, so as to impel rotation of the wheel.

"Referring to the drawings forming a part of this application, wherein similar letters of reference denote corresponding parts throughout the entire specification and several views:

DODD BUCKET.

Pelton Bucket.

DOBLE BUCKET.

"Figure 1 is a perspective view of the wheel provided with my improved buckets. Fig. 2 a top plan view, showing one of the buckets; and, Fig. 3 a bottom plan of the bucket. The letter A indicates the water-wheel proper, which has secured to the periphery thereof water-receiving buckets, B. If so desired, the water or receiving buckets may be formed integral with the wheel. By preference, however, I form each bucket separate, and bolt or otherwise secure the same to the periphery of the wheel. Each bucket has its bottom formed into two curves, C C', which meet in the central apex, D'. The sides, E E, are formed upon an incline, and slightly diverge from the inclined rear wall, E', to the front of the bucket, so as to increase the width at the front thereof. The front wall, E², of the bucket, I form in the shape of a sigmoid, which forms the discharge for each of the curved bottom sections at c c', as clearly shown in the drawings, thus allowing the utilized water to be discharged in its natural curves, and at an angle from the plane of rotation in a free and unobstructed flow. Heretofore the buckets have been constructed upon such curves as to allow of the utilized water being discharged at the sides of the wheel, which, having reactionary force, while being discharged from the buckets, tends to retard rotation thereof, and furthermore necessitates the appropriation of partial force of the stream in order to overcome and compel the discharge of the utilized water from within the buckets. My bucket, however, I construct upon such curves as to allow for the discharge of the water in its natural curves, utilizing therefor the centrifugal force, instead of the force of the impact stream. By thus constructing the buckets upon natural curves, I obviate any reaction of the water upon itself, and consequently allow the wheel to utilize the greatest possible amount of the reactionary force of the water. The buckets are so placed upon the periphery of the wheel that the discharged water of one in no manner acts to impede the rotation of the wheel by contact with the following bucket or any other portion of the wheel.

"Having thus described my invention, what I claim as new, and desire to secure protection in by letters patent of the United States, is (1) A bucket or float for impact water-wheels, having the curved bottoms meeting at an apex united with a sigmoidal front wall, thereby forming continuous discharge sides for the utilized water, as and for the purpose set forth. (2) A water-wheel bucket having the curved bottom meeting at a central apex and provided with the sigmoidal front wall gradually increasing the discharge sides from top to bottom and having its discharges below the line of impact, as and for the purpose set forth."

N. A. Acker and Wm. F. Booth, for appellant.
John H. Miller, W. K. White, and Frohman & Jacobs, for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts). As the principal contention of the appellant is that the Dodd invention is one of a primary character and entitled to the broad and liberal construction usually accorded to pioneer inventions, we turn to the consideration of the state of the prior art before directing attention to the invention itself. The invention relates to that class of water-wheels used for the generation of power in which a jet of water delivered from a pen-stock is directed against the periphery of the wheel. In the earliest days of mining in California the miners made and used what was known as the "hurdy-gurdy wheel," in which the rim of the wheel was serrated and was caused to revolve by the impact of water against the surfaces made by the serration. In 1866 was invented the Collins wheel in which curved iron buckets were attached to the rim of the wheel, and thereby a considerable increase of power was obtained. The Collins wheel received the water on the outside of the rim at the entrance lip, and discharged it toward the center of the wheel. The next improvement was that of Samuel N. Knight, who modified the form of the bucket used by Collins by opening the cup thereof, so as to permit not only an inward but also a side discharge. All of these single cavity buckets were found defective in that the water had a tendency to pile up in the bottom thereof, forming a pyramid of dead water. To obviate this difficulty, Nicholas J. Colman conceived the idea of dividing the water jet by a wedge at the point of its contact with the wheel. He obtained a patent on February 18, 1873. He used a double cavity bucket separated by a dividing wedge. In his specification he said:

"The action of the water is as follows: Leaving the pen-stock it strikes the wedge, e, and back, d, exerting its first force upon this back. The wedge divides the water, which then follows the upward and outwardly-sweeping curve, g, still exerting its force upon the full length of the buckets while combining its momentum with the centrifugal force acquired by the velocity of the wheel, and finally discharging at the periphery through the openings, h."

In 1880 L. A. Pelton obtained a patent for a double bucket with a jet splitting wedge which curved from its top downward into the bottom of the bucket, so that, when the water struck the wedge, equal divisions thereof would flow down the curved sides. The front and back of this bucket were inclined plane surfaces. The front or outward wall was generally made straight, but in some instances was slightly curved outward. This was a great improvement on the prior art and the invention went into very extensive use. One of the defects of the Pelton bucket was that the corners were angular, thereby producing eddy currents in the bucket and the consequential loss of energy. Another defect was that the front or outer wall was straight or approximately so, and projected beyond the dividing wedge. In the revolution of the wheel before the jet of water had exerted its full energy upon one bucket, a portion of it would be intercepted by the front wall of the next bucket, dividing it transversely, and producing a swirling action of the water.

The Dodd invention, subsequently assigned to the appellant, was patented on June 23, 1891. It was intended to remedy the loss of power

incident to the use of the "present wheels" which was lost "by being expended for the purpose of driving the utilized water from the buckets." We have to inquire what is new in that invention. We find that, first, Dodd made the side walls of his buckets plane instead of curved; second, he made the sides of his bucket diverge from the inner to the outer end so that the latter is wider than the former; third, he made the buckets deeper at the outer end than at the inner end; fourth, he made the front wall sigmoidal. The double bucket and the dividing wedge were taken from the former art. The discharge downward and at the outer end of the bucket may be said to be new. This he deemed an important feature of his invention. He said:

"My bucket, however, I construct upon such curves as to allow for the discharge of the water in its natural curves, utilizing therefor the centrifugal force instead of the force of the impact stream."

Colman had claimed the advantage of discharging the water by centrifugal force so that there was nothing new in that idea, but Colman discharged it inwardly, and not at the outer rim of the bucket, as was done in the Dodd invention. The sigmoidal front wall of the Dodd invention was new. It has no essential structural difference from the Pelton device except in the outward projection of the lobes of the buckets, and the increased depth and width of the buckets at their outer ends. Place a plane transversely at the lower end of the wedge of the Dodd bucket and the result is substantially the Pelton bucket. Indeed, the whole substance of the Dodd invention is the projecting lobes. This is made clear by the specifications and claims of his patent. His sole object was to construct buckets in such a shape that the impinging jet of water, after exerting its force, might be deflected downward and dejected in the plane of the wheel's revolution. In accomplishing this result, he deemed centrifugal force an important factor. Limited as the Dodd invention is by the prior art, it is a change in form only. It cannot be held to be a primary invention even under the most liberal construction.

The device which it is claimed infringes on the Dodd patent is that contained in the patent issued to the appellee on September 19, 1899, letters patent No. 633,184. In this the double bucket is elipsoidal in form, with a dividing wedge, and with the central portion of the front wall cut away. The first claim of the Dodd patent is for "a bucket or float for an impact water-wheel, having the curved bottoms meeting at an apex united with a sigmoidal front wall, thereby forming continuous discharge sides for the utilized water as and for the purposes set forth." In the appellee's patent there is no sigmoidal front wall. Strictly speaking, there is no front wall. There is nothing whatever in front of the wedge to split the stream transversely. The buckets are not wider or deeper at the outer end than at the inner end. There is no downward discharge from the ends of the buckets. The discharge is over the sides at right angles to the plane of rotation, and no account is taken of centrifugal force. It differs from the Dodd invention both in function and form. Its form is as distinct a departure from the Dodd invention as the latter is from that of Pelton. We hold that it is not an infringement upon the appellant's patent.

The decree will be affirmed.